For Registration Fredrick Smith
Register of Deeds
Mecklenburg County, NC
Electronically Recorded
2018 Jun 27 08:59 AM    RE Excise Tax: $ 0.00
Book: 32785    Page: 389    Fee: $ 64.00
Instrument Number:    2018079649

*Fredrick Smith*

Prepared by:    Hutchens Law Firm
                6230 Fairview Road,
                Ste. 315, Charlotte, NC 28210

Return to:      Kimberly Griffith
                9712 Moody Court
                Harrisburg, NC 28075

**No title examination was performed by Hutchens Law Firm
prior to the drafting or recording of this instrument**

**STATE OF NORTH CAROLINA**

**DEED OF TRUST**

**COUNTY OF MECKLENBURG**

THIS DEED OF TRUST (this "Deed of Trust") is made and entered into this 22 day of JUNE, 2018, by, between and among the following:

**C. Ray Kennedy and wife, Cynthia M. Kennedy** (the "Grantor");

**Hutchens Law Firm**, Trustee, (the "Trustee"); and

**Kimberly Griffith** (the "Beneficiary"); and noting the following

**RECITALS:**

A. Pursuant to the terms of a Promissory Note (the "Note") by and between Grantor and Beneficiary which was previously executed, Grantor is indebted to Beneficiary in the principal amount of **$460,000.00**. The Note is evidence of the aforesaid indebtedness and is executed and delivered by Grantor to Beneficiary and is payable in accordance with its terms, but in no event shall the principal amount of the Note mature later than **30 years from the date of the recording of this instrument**. Interest and other charges as they may be defined in the Note are payable as and at the rates specified in the Note, as it may be amended or modified from time to time.

Submitted electronically by "Hutchens Law Firm"
in compliance with North Carolina statutes governing recordable documents
and the terms of the submitter agreement with the Mecklenburg County Register of Deeds.

B. Grantor desires to secure the payment of the indebtedness evidenced by the Note and any modifications, renewals or extensions thereof, in whole or in part; any payments or advances made by Beneficiary in accordance with the terms of this Deed of Trust; and the fulfillment and performance of the covenants and agreements set forth in the Note and in this Deed of Trust, by the conveyance of the Land and the other property described herein.

C. *Grantor acknowledges the benefit of the loan previously provided under the Note and that a security instrument was neither executed nor recorded by an omission of the parties. The parties intended for the indebtedness to be secured. The purpose of this Deed of Trust is to secure the indebtedness.*

## GRANTING CLAUSE

NOW, THEREFORE, in consideration of these premises and for the purposes aforesaid, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Grantor has given, granted, bargained, sold, conveyed, assigned, and transferred and does hereby give, grant, bargain, sell, convey, assign and transfer unto Trustee, his heirs, administrators, legal representatives, successors and assigns, all of its right, title and interest in the tract(s) or parcel(s) of land lying and being in North Carolina in the county identified herein, and more particularly described in **Exhibit A** attached hereto (the "Land").

TOGETHER with all buildings, structures and other improvements now or hereafter located on the Land, or any part or parcel thereof (collectively called the "Improvements"); and

TOGETHER with all rights, title and interest of Grantor in and to the minerals, shrubs, timber and other emblements now or hereafter located on the Land, or under or above the Land; and

TOGETHER with all and singular the tenements, hereditaments, easements, privileges and appurtenances thereunto belonging or in anywise appertaining to the Land, and the reversion or reversions, remainder and remainders, rents, issues and profits thereof; and also all the estate, right, title, interest, claim and demand whatsoever of Grantor of, in and to the same and of, in and to every part and parcel of the Land; and

TOGETHER with a security interest in all machinery, apparatus, equipment, fittings, fixtures, whether actually or constructively attached or to be attached to the Land or the Improvements, and articles of personal property of every kind and nature whatsoever (collectively called the "**Equipment**"), now or hereafter located in, upon or under the Land and used or usable in connection with any present or future operation of the Land or the Improvements and now owned or hereafter acquired by Grantor, including, but without limiting the generality of the foregoing, all heating, air conditioning, freezing, lighting, laundry, incinerating and power equipment; engines; pipes; pumps; tanks; motors; conduits; switchboards; plumbing, lifting, cleaning, fire prevention, fire extinguishing, refrigerating, ventilating and communications apparatus; boilers, ranges, furnaces, oil burners or units thereof; appliances; air-cooling and air-conditioning apparatus; vacuum

cleaning systems; elevators; escalators; shades; awnings; screens; storm doors and windows; stoves; wall beds; refrigerators; attached cabinets; partitions; ducts and compressors; rugs and carpets; draperies; furniture and furnishings; together with all building materials and equipment now or hereafter delivered to the Land or stored with other supplies to be used in construction of the Improvements on the Land, including without limitation, in a warehouse or at the factory of supplier, and intended to be installed therein, together with all warehouse receipts or other evidence of ownership; together with all additions thereto and replacements thereof (Grantor hereby agreeing with respect to all additions and replacements to execute and deliver from time to time such further instruments as may be requested by Trustee to confirm the conveyance, transfer and assignment of any of the foregoing); and

TOGETHER with any and all rents and security deposits which are now due or hereafter become due by reason of the renting, leasing and bailment of the Land, the Improvements or the Equipment; and

TOGETHER with any and all awards or payments (including but not limited to condemnation awards and insurance proceeds), including interest thereon, and the right to receive the same, as a result of: (a) the exercise of the right of eminent domain; (b) the alteration of the grade of any street; or (c) any other injury, damage or casualty to or taking or loss of, or decrease in the value of, the Land, the Improvements or the Equipment, to the extent of all amounts which may be secured by this Deed of Trust at the date of receipt of any such award or payment by Trustee and of the reasonable attorneys' fees, costs and disbursements incurred by Trustee in connection with the collection of such award or payment.

TO HAVE AND TO HOLD all of the Land, the Improvements, the Equipment and all of the foregoing rights and privileges (collectively called the "Property") to Trustee, his heirs, administrators, legal representatives, successors and assigns, in fee simple forever, upon the trust and for the uses and purposes hereinafter set forth.

## WARRANTY OF TITLE

Grantor hereby covenants, warrants and represents that it is seised of the Property in fee, and that it has the right to convey the same in fee simple; that the Property is free and clear of all liens and encumbrances; and that it will warrant and defend the title to the Property against the claims of all persons whomsoever. Grantor shall, upon request of Beneficiary, execute and deliver such further instruments or assurances as may be necessary or proper to carry out the true intent and purpose of this Deed of Trust.

## SPECIAL TRUST

THIS CONVEYANCE IS MADE UPON THIS SPECIAL TRUST, that if Grantor shall pay or cause to be paid the Note in accordance with the terms thereof, and any renewals, extensions or modifications thereof, and shall comply with all of the covenants, terms and conditions of this Deed of Trust, then this conveyance shall be null and void and may be canceled of record at the request and cost of Grantor. But if at any time there shall be any default (whether by acceleration or otherwise) in the payment of any principal or interest due under the Note, or if there shall be any default in the payment of any of the amounts required to be paid under this Deed of Trust, or if there shall be any default in any other of

the terms and conditions of the Note or this Deed of Trust, and if such default is not cured within any applicable notice and cure period, if any, then, at the option of Beneficiary, the entire indebtedness hereby secured shall immediately become due, payable and collectible without notice, regardless of maturity, and this Deed of Trust may be foreclosed by judicial proceedings, or Trustee or the successor of Trustee is hereby authorized and empowered to enter and take possession of the Property, and enter into contracts for the completion of the Property, personally or through his agent, and it shall be lawful for and the duty of Trustee, and he is hereby authorized and empowered, to expose to sale and to sell the Property, in whole or in part and in any order, at public sale for cash, in compliance with the requirements of the laws of the State of North Carolina relating to nonjudicial foreclosure sales in effect on the date such foreclosure is commenced; and at the time and place fixed for the sale to sell the Property, personally or through his agent, to the highest bidder for cash, free from any equity of redemption, homestead, dower or curtesy, and all other exemptions, all of which are hereby expressly waived. Upon such sale, Trustee shall execute a conveyance in fee simple to and deliver possession to the purchaser, and such sale by Trustee or his agent will create the relation of landlord and tenant at will between the purchaser at such sale and Grantor, or its successors, lessees and assigns. Without notice and upon default of such party in surrendering possession of the Property, such party may be removed by a writ of ejectment at the suit of either the purchaser or Trustee for the use and benefit of the purchaser. Trustee may sell the Equipment in whole or in part and in any order, together with the Land and the Improvements or separately, and the Equipment may be assembled for such sale by Trustee on the Land or elsewhere, in Trustee's sole discretion. Beneficiary may bid and become the purchaser at any sale under this Deed of Trust. After retaining not more than one percent (1%) of the gross proceeds of the sale as compensation to Trustee, plus all expenses incurred by him including, but not limited to, the reasonable attorneys' fees for legal services actually performed, Trustee shall apply the residue of the proceeds first to pay the expense of making, maintaining and executing this trust and protecting the Property, second to the payment of the indebtedness secured hereby and the balance, if any, shall be paid as required by law. Trustee may require the successful bidder at any sale to deposit immediately with Trustee cash or a certified check in an amount not to exceed ten percent (10%) of the bid, provided notice of such requirement is contained in the advertisement of sale. The bid may be rejected if the deposit is not immediately made, and thereupon the next highest bidder may be declared to be the purchaser. Such deposit shall be refunded without interest, in case a resale is had; otherwise, it shall be applied to the purchase price.

## GRANTOR FURTHER COVENANTS AND AGREES AS FOLLOWS:

### 1.   Covenant to Pay Indebtedness and Taxes.

(a)   Grantor will pay the indebtedness secured hereby, including principal and interest (as defined in each Note), as and when due, and will pay prior to delinquency all taxes (subject to the provisions of paragraph 1(b) hereof), assessments, levies and other charges of every character upon or against the Property.

(b)   Notwithstanding anything herein to the contrary, if Grantor in good faith believes that any tax, assessment or other charge payable by it shall be invalid, excessive or unenforceable in whole or in part, Grantor, upon written notice to Beneficiary in accordance with paragraph 9 below, may, at its sole expense, contest the validity, amount

or enforceability of any such tax, assessment or other charge, provided that such tax is bonded off or other security satisfactory to Beneficiary has been posted so that the Property, or any part thereof, is not in danger of being forfeited. In such event, Grantor shall comply with all requirements of law as to conditions precedent to making any contest, and Grantor covenants to protect Beneficiary against foreclosure of any lien resulting from imposition of any tax, assessment or other charge which Grantor may contest.

2. **Insurance; Restoration.** Grantor will keep the buildings and other improvements now or hereafter located on the Property insured against loss and damage by fire, flood (if any of the Improvements is located in an area having "special flood hazards," as defined in the Federal Flood Protection Act of 1973), tornado and windstorm, with builder's risk or extended coverage, as applicable, against all risks in an amount not less than one hundred percent (100%) of the full replacement cost of such property, and against such other hazards as Beneficiary may reasonably require, including public liability coverage (combined single limit minimum of One Million and No/100 Dollars [$1,000,000.00]). All such insurance shall be in amounts satisfactory to Beneficiary if not otherwise specified above, but not less than the amounts sufficient to prevent any coinsurance liability, and shall be for the benefit of Beneficiary, with loss, if any, to be made payable in the policy or policies of insurance to Beneficiary as its interest may appear, the loss payable clauses to be in such form as Beneficiary may require. All such policies shall name Beneficiary as an additional insured and shall contain such provisions as Beneficiary may deem necessary or desirable to protect its interest, including but not limited to (a) a standard noncontributing mortgagee clause, and (b) a provision requiring that thirty (30) days' written notice be given to Beneficiary before any such policy is canceled or not renewed for any reason, including but not limited to nonpayment of premiums, or before there is any material change in the risks or coverages insured or the deductibles thereon. All insurance shall be in companies approved by Beneficiary with a Best's Insurance Guide rating of at least A:XII; and originals or certified true copies of the policies and renewals thereof shall, when issued, be immediately delivered to Beneficiary, and Grantor will pay all premiums for said policies. In the event of a transfer of the Property, including a transfer by foreclosure or deed in lieu of foreclosure, Grantor's interest in the insurance policies referred to above and any return premiums in connection therewith shall automatically be transferred to the successor in title to Grantor's interest in the Property. Each of the foregoing insurance policies shall be renewed and evidence thereof submitted to Beneficiary at least thirty (30) days prior to expiration. If Grantor fails or refuses to keep the Property so insured, Beneficiary may obtain such insurance without prejudice to its right to foreclose this Deed of Trust by reason of such default. If any insurance policy or part thereof shall expire or be withdrawn, or become void or subject to cancellation by reason of the breach of any condition thereof, or become void by reason of the failure or impairment of the capital of any company in which the insurance shall be carried, or if for any reason whatsoever the insurance shall be unsatisfactory to Beneficiary, Beneficiary may procure such insurance as it deems necessary to protect its sole interests in the Property.

In the event of casualty or damage to or loss of any of the Property, Grantor will give immediate oral and written notice to Beneficiary, who may make proof of loss if not made promptly by Grantor. Beneficiary shall have the option, in Beneficiary's sole discretion, to apply all or any part of any insurance proceeds from any such casualty, damage or loss to the reduction of the indebtedness secured hereby in any order chosen by Beneficiary.

3. **Beneficiary's Self-Help Remedy.** If Grantor: (a) defaults in the payment of

any tax, lien, assessment, charge or any utility charge, whether public, private, levied or assessed against the Property; (b) defaults in the payment of any insurance premiums; (c) fails to keep the Property in repair; (d) commits, suffers or permits waste; or (e) fails in the performance or observance of any other covenant, condition or term of this Deed of Trust; or if any action at law or equity or any proceeding affecting the title to the Property is commenced, Beneficiary at its option may, without waiving any rights or recourse against Grantor for such default and regardless of whether any period granted to Grantor in the Note or this Deed of Trust to cure any such default has expired, pay said tax, lien, assessment, charge, utility charge or premium, perform any obligation or make such repairs and take such steps as are necessary to prevent or cure such waste, and may appear in any such necessary action as Beneficiary deems advisable in Beneficiary's sole discretion, and for any of said purposes, Beneficiary may, but shall not be obligated to, advance such sums of money as it deems necessary. All advances made by Beneficiary in connection therewith shall be secured by this Deed of Trust, and shall, upon demand, immediately be repaid by Grantor to Beneficiary with interest thereon at the rate of twelve percent (12%), or the highest rate permitted by law, whichever is less, per annum. Beneficiary shall be the sole judge, in the exercise of reasonable discretion, of the legality, validity and priority of any such tax, lien, assessment, charge, claim and premium; of the necessity for any such action and of the amount necessary to be paid in satisfaction thereof. Beneficiary, subject to the rights, if any, of tenants or subtenants in lawful possession of the Property, is hereby empowered to enter and to authorize others to enter upon the Property or any part thereof for the purpose of performing or observing any such default, covenant, condition or term, without thereby becoming liable to Grantor or to any person in possession holding under Grantor.

4. **Grantor's Property Maintenance Covenant.** Grantor will keep and maintain the Property in first-class order, repair and condition; and it will not commit or permit any waste. Beneficiary shall have the right to inspect the Property at all reasonable times, and access thereto shall be permitted for that purpose to it or its authorized agents. Grantor shall neither permit nor perform any act which would impair the value of the Property or increase the risk of fire or other hazard to the Property. Nor shall Grantor remove any fixture owned by it located thereon unless said fixture is replaced by a fixture of equal value and utility. Grantor shall give notice orally and in writing to Beneficiary of any material loss or damage to the Property caused by any casualty.

5. **Removal and Replacement of Trustee.** Beneficiary shall at any time and from time to time have the irrevocable right to remove Trustee without notice or cause and to appoint his successor by an instrument in writing, duly acknowledged, in such form as to entitle such written instrument to be recorded in the appropriate county public registry, and in the event of the death or resignation of Trustee, Beneficiary shall have the right to appoint his successor by such a written instrument; and upon the recordation of any such instrument, any substitute trustee so appointed shall be vested with the title to the Property, and shall possess all the powers, duties and obligations herein conferred on Trustee in the same manner and to the same extent as though he were originally named herein as Trustee.

6. **Compliance With Laws; Zoning.** Grantor will promptly comply with any applicable legal requirements of the State of North Carolina or any other governmental entity, agency or instrumentality relating to the use or condition of the Property including, without limitation, all zoning conditions, and will not cause, suffer or permit any change in

the zoning of the Property. Grantor shall comply with the terms of all restrictions, easements and utility agreements affecting the Property.

7. **Appointment of Receiver.** Beneficiary shall have the right, after default in any of the terms, covenants or agreements contained in this Deed of Trust, or contained in the Note, and upon the expiration of any applicable grace period specified in either document, to the appointment of a receiver to take possession of the Property and to collect the rents and profits from the Property without consideration of the value of the Property or the solvency of any person liable for the payment of the amounts then owing; and all amounts collected by the receiver shall, after paying the expenses of the receivership which Beneficiary deems necessary, be applied to the payment of the indebtedness secured hereby; and Beneficiary, at its option, in lieu of an appointment of a receiver, shall have the right to do the same. If such receiver is appointed, or if there is a sale of the Property, as provided above, Grantor, or any person in possession of all or part of the Property thereunder, as tenant (except a tenant under a lease that is superior to the lien of this Deed of Trust) or otherwise, shall become a tenant at will of the receiver or of the purchaser and may be removed by a writ of ejectment, summary or other lawful remedy. Grantor will pay to Beneficiary upon demand all expenses, including receiver's fees, reasonable attorneys' fees, costs and agent's compensation, incurred pursuant to the provisions contained in this paragraph 7 and all such expenses shall be secured by this Deed of Trust and shall bear interest at the rate of twelve percent (12%), or the highest rate permitted by law, whichever is less, per annum from the date advanced until paid.

8. **No Waiver of Default or Remedy.** No delay or forbearance by Beneficiary in exercising any or all of its rights under this Deed of Trust or rights otherwise afforded by law shall operate as a waiver thereof or preclude the exercise thereof during the continuance of any default as set forth herein or in the event of any subsequent default hereunder, and all such rights shall be cumulative. In case Beneficiary or Trustee voluntarily or otherwise shall become a party to any suit or legal proceeding to protect the Property or to protect the lien of this Deed of Trust, Trustee and Beneficiary shall be indemnified and saved harmless and shall be reimbursed by Grantor for any amounts paid, including all costs, charges and reasonable attorneys' fees incurred in any such suit or proceeding, and those amounts shall be secured by this Deed of Trust and its payment enforced as if it were a part of the original debt.

9. **Notice.** Any notice required or permitted to be given shall be deemed to have been given if and when sent by prepaid registered or certified mail, return receipt requested, addressed to:

Grantor:   4324 Satterwythe Court, Charlotte, NC 28215

Beneficiary:   9712 Moody Court, Harrisburg, NC 28075

or at such other address as Grantor or any Beneficiary may designate in writing to the other from time to time.

10. **Continuance Upon Partial Foreclosure.** The obligations of the Note and

this Deed of Trust shall continue until the entire indebtedness secured herein is paid, notwithstanding any action or actions of partial foreclosure which may be brought to recover any amount or amounts for installments of principal, Fixed Interest, taxes, assessments, levies, charges, insurance premiums or other amounts due and payable under the provisions of the Note and this Deed of Trust.

11. **Grantor's Covenant of Performance as Lessor.** Grantor will faithfully perform the covenants of the lessor contained in any present or future lease by it of any part or all of the Property, and in pursuance thereof, will neither do anything nor neglect to do anything, nor permit anything to be done which would cause the modification or termination (other than for tenant default) of any of said leases, or of the obligation of any tenant, his or its successors and assigns, or the rents provided for therein. To the extent permitted by law, all leases shall be subordinate or superior to the lien of this Deed of Trust, at the election of Beneficiary. To the extent permitted by law, if at any time there is any conflict between any provision of this Deed of Trust and any provision of the aforesaid leases, then such provision of this Deed of Trust shall govern and apply.

12. **Assignment of Leases and Rents.** Grantor agrees not to enter into any leases affecting the Property without the prior written consent of Beneficiary. If Grantor enters into any such leases, Grantor hereby assigns and sets over to Beneficiary all leases and all rents and security deposits hereafter accruing from the Property as additional security for the indebtedness secured hereby, and Beneficiary is given a prior and continuing lien thereon. Grantor hereby appoints Beneficiary its attorney to collect such rents with or without suit, and to apply the same, less expenses of collection, to said indebtedness and to repairs in such manner as Beneficiary may elect; provided, that until there occurs a default by Grantor in the performance of its agreements and undertakings under this Deed of Trust or under the Note, Grantor may continue to collect and enjoy said rents as they fall due without accountability to Beneficiary. This assignment and power of attorney shall apply to all leases, security deposits, rentals and other amounts received from tenants in the future, whether by present or by future owners of the Property; shall be in addition to other remedies herein provided for in event of default; and may be put into effect independently or concurrently with any of such remedies, but no liability shall attach to Beneficiary on account of failure or inability to collect any such rents.

13. **Severability.** If any clauses or provisions contained in this Deed of Trust shall operate or would prospectively operate to invalidate this Deed of Trust in whole or in part, then such clauses and provisions only shall be held for naught, as though not contained in this Deed of Trust, and the remainder of this Deed of Trust shall remain operative and in full force and effect.

14. **Definition of Terms.** The words "Grantor," "Trustee" and "Beneficiary" shall include all individuals, corporations and any and all other persons or entities, and the respective heirs, executors, administrators, legal representatives, successors and permitted assigns of the parties hereto; and all those holding under any of them, and the pronouns used herein shall include, when appropriate, either gender and both singular and plural, and the word "Note" shall also include one or more notes and the grammatical construction of sentences shall conform thereto. The term "Beneficiary" and the phrase "holder of the Note secured hereby" shall be treated as interchangeable.

15. **Security Agreement.** Grantor hereby grants to Beneficiary to secure

payment and performance of the indebtedness evidenced by the Note a security interest in all portions of the Property that are or are deemed to be personal property and not a part of the realty. Grantor covenants and agrees that the terms and conditions of this Deed of Trust, insofar as they govern the relationships between Grantor on the one hand and Trustee and Beneficiary on the other, shall be deemed to apply appropriately as the terms and conditions of a Security Agreement under the Uniform Commercial Code (the "UCC") as adopted in North Carolina, the lien of which shall be perfected by filing financing statements showing the Beneficiary's interest as a lienholder or creditor with respect to any class of items constructed, installed, placed, planted or growing on the Property or related to or arising out of the operation of the Property and described in any UCC financing statements filed by or on behalf of Beneficiary. In the event of default, Beneficiary, as secured party, and Grantor, as debtor, shall have, without limitation, all of the rights and remedies provided for in the UCC.

16. **Subrogation of Beneficiary to Rights of Third Parties.** Beneficiary shall be subrogated to the claims and liens of all parties whose claims or liens are discharged or paid by Beneficiary as provided in paragraph 3 above.

17. **Releases and Extensions.** Without affecting the liability of any person (other than any person released pursuant to the provisions of this paragraph) for payment of any indebtedness secured hereby, and without affecting the priority or extent of the security title hereof upon any property not specifically released pursuant hereto, Beneficiary may at any time and from time to time (a) release any person liable for payment of any indebtedness secured hereby; (b) extend the time or agree to alter the terms of payment of any of the indebtedness; (c) accept additional security of any kind; (d) release any portion of the Property; or (e) consent to the creation of any easement on or over the Property or any covenants restricting the use or occupancy thereof.

18. **Further Documentation.** At any time, and from time to time, upon request by Beneficiary, Grantor will make, execute and deliver or cause to be made, executed and delivered, to Beneficiary any and all other further instruments, certificates and other documents, including without limitation financing statements with respect to all additions and replacements of the Property, as may be necessary in order to effectuate, complete, enlarge or perfect or to continue and preserve the obligation of Grantor under the Note and the priority of this Deed of Trust. Upon any failure by Grantor to execute and deliver such instruments, certificates and other documents within thirty (30) days after receipt of written request therefor, Beneficiary may make, execute and record any and all such instruments, certificates and documents for and in the name of Grantor and Grantor hereby irrevocably appoints Beneficiary the agent and attorney-in-fact of Grantor so to do.

19. **Governing Law.** This agreement is delivered and is intended to be performed in the State of North Carolina and shall be construed in accordance with the laws of said State.

20. **Election of Remedies.** The rights of Trustee and Beneficiary, granted and arising under the clauses and covenants contained in this Deed of Trust or the Note, shall be separate, distinct and cumulative of other powers and rights herein granted and all other rights which Trustee and Beneficiary may have in law or equity, and none of them shall be in exclusion of the others; and all of them are cumulative to the remedies for collection of indebtedness, enforcement of rights under this Deed of Trust or the Note, and preservation

of security as provided at law. No act of Trustee or Beneficiary shall be construed as an election to proceed under any one provision, or an election of remedies to the bar of any other remedy allowed at law or in equity.

21. **Condemnation**. Grantor agrees to notify Beneficiary immediately in writing of the commencement of any eminent domain or condemnation proceedings affecting the Property. All monies and awards payable as damages and/or compensation, for the taking of title to or possession of, or for damages to, or on account of change of grade affecting, any portion of the Property by reason of any condemnation, eminent domain, change of grade, or other proceeding shall at the sole option and discretion of Beneficiary be paid to Beneficiary, unless otherwise expressly agreed in writing between Grantor and Beneficiary. Such moneys and awards are hereby assigned to Beneficiary, and judgment therefor shall be entered in favor of Beneficiary, and when paid may, at the option of Beneficiary: (a) be applied, in whole or in part, by Beneficiary upon any indebtedness (including accrued but unpaid interest and other amounts secured hereby or payable under the Note or hereunder) or obligation secured hereby, whether the same be matured or unmatured, and in such order as Beneficiary may determine; (b) be used in whole or in part to replace or restore the Property to a condition satisfactory to Beneficiary; (c) be used in whole or in part to fulfill any of the covenants contained herein as Beneficiary may determine; or (d) be released to Grantor. Grantor hereby covenants and agrees, upon request by Beneficiary, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning the aforesaid moneys and awards to Beneficiary free, clear and discharged of any and all encumbrances of any kind or nature whatsoever.

22. **Liens**. Grantor agrees to ensure that no liens are filed against the Property by reason of any services or materials supplied thereto, whether such services or materials are supplied to Grantor or to some person, firm or corporation in possession of all or a part of the Property through or under Grantor, or, if any such lien is filed against all or part of the Property, to, within fifteen (15) days after notice of the filing of any lien, cause the same to be discharged by deposit, bond, order or otherwise.

23. **Grantor's Estoppel**. Grantor, upon ten (10) days' prior written notice, shall furnish Beneficiary a written statement, duly acknowledged, setting forth the unpaid principal of, and interest on, the indebtedness secured hereby and whether or not any offsets or defenses exist against such principal and interest.

24. **Grantor's Waivers**. To the extent permitted by law, the Grantor hereby waives the right of redemption, any homestead exemptions and any right of appraisement.

25. **Hazardous Wastes**.

(a) To the best of Grantor's knowledge and except as set forth in the environmental reports provided to Beneficiary, (i) No Hazardous Materials (as defined below) are unlawfully stored or otherwise unlawfully located in, on or under the Property, and no part of the Property, including the groundwater located thereon and thereunder, is presently unlawfully contaminated by any such substances; (ii) no improvements on the Property contain any friable asbestos or substances containing asbestos and deemed hazardous by any federal, state or local laws, regulations or orders respecting such material; (iii) there have been no releases by the Grantor or any other party of Hazardous Materials on the Property; and (iv) the foregoing statements are true and correct with

respect to all of the real property adjoining any of the Property.

(b) To the best of the Grantor's knowledge, the Property has never been used as or for a mine, a landfill, a dump or other disposal facility, a gasoline service station, or a petroleum products storage facility, and none of the Property is located on a site which, pursuant to any Environmental Law (as defined below), has been placed on the "National Priorities List" or "CERCLIS List" (or any similar state list) of hazardous waste sites.

(c) To the best of Grantor's knowledge and except as set forth in the environmental reports provided to Beneficiary, there are no underground storage tanks situated on the Property and no subsurface storage tanks have ever been situated on the Property.

(d) All activities and operations of the Grantor meet the requirements of all applicable Environmental Laws, as defined below.

(e) The Grantor has never sent a Hazardous Material to a site which, pursuant to any Environmental Law, (1) has been placed on the "National Priorities List" of hazardous waste sites, or (2) which is subject to a claim, an administrative order or other request to take "removal" or "remedial" action, as defined in any Environmental Law, or to pay for the costs of cleaning up such a site.

(f) The Grantor is not involved in any suit or proceeding and has not received any notice from any governmental agency or authority with respect to a release of Hazardous Materials and has not received notice of any claims from any person or entity relating to Property damage or to personal injuries from exposure to Hazardous Materials.

(g) The Grantor has timely filed all material reports required to be filed, has acquired all necessary and material certificates, approvals and permits and has generated and maintained in all material respects all required data, documentation and records under all Environmental Laws.

(h) The Grantor shall not, in violation of any Environmental Law, bring onto the Property any Hazardous Materials, and if any such substance is brought or found thereon, it shall be immediately removed, with proper disposal, and all required environmental cleanup procedures shall be diligently undertaken pursuant to all Environmental Laws, and the Grantor's obligations hereunder shall survive any foreclosure of this Deed of Trust.

(i) The Grantor shall promptly, after any officer of the Grantor learns or obtains knowledge of the occurrence thereof, give written notice to the Beneficiary of receipt of any written notices of violation or noncompliance from any governmental agency or authority with respect to Environmental Laws.

(j) The Grantor shall indemnify the Beneficiary pursuant to an Environmental Indemnity Agreement dated the date hereof by Grantor in favor of Beneficiary, which Environmental Indemnity Agreement is hereby incorporated herein by reference as if fully set forth herein. Notwithstanding the foregoing, the indemnity of Grantor shall not extend to any Hazardous Materials first placed on the Property following the date that Beneficiary or its designee first acquires possession of the Property, whether

by foreclosure, deed in lieu of foreclosure, or otherwise.

(k)     Beneficiary shall have, and Grantor hereby grants to Beneficiary, the right to enter upon the Property to verify compliance by Grantor with the terms of this paragraph 25 and to conduct such environmental assessments and audits as Beneficiary shall deem advisable; *provided, however,* GRANTOR ACKNOWLEDGES THAT IT SHALL HAVE THE SOLE RESPONSIBILITY FOR ALL HAZARDOUS WASTE HANDLING PRACTICES AND ENVIRONMENTAL PRACTICES, AND GRANTOR HAS FULL DECISION MAKING POWER WITH RESPECT THERETO.

As used herein, "Hazardous Materials" means any substances or materials (i) which are or become defined as hazardous wastes, hazardous substances, pollutants, contaminants or toxic substances under any Environmental Law; (ii) which are toxic, explosive, corrosive, flammable, infectious, radioactive, mutagenic or otherwise hazardous and are or become regulated by any governmental agency or authority; (iii) the presence of which require investigation or remediation under any Environmental Law or common law; (iv) which are deemed to constitute a nuisance, a trespass or pose a health or safety hazard to persons or neighboring properties; (v) which include, without limitation, underground or aboveground storage tanks, whether empty, filled or partially filled with any substance; and/or (vi) which contain, without limitation, asbestos, polychlorinated biphenyls, urea formaldehyde foam insulation, petroleum hydrocarbons, petroleum derived substances or waste, crude oil or any fraction thereof, nuclear fuel, natural gas or synthetic gas.

As used herein, "Environmental Laws" shall mean any and all federal, state and local laws, statutes, ordinances, rules, regulations, permits, licenses, approvals, guidances, interpretations, orders of courts and governmental agencies or authorities and all other legal requirements relating to the protection of human health or the environment, including, but not limited to, requirements pertaining to the manufacture, processing, distribution, use, treatment, storage, disposal, transportation, handling, reporting, licensing, permitting, investigation or remediation of Hazardous Materials. Environmental Laws include, without limitation, the Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C. § 9601 *et. seq.*) ("CERCLA"), the Hazardous Material Transportation Act (49 U.S.C. § 1801 *et. seq.*), the Resource Conservation and Recovery Act (42 U.S.C. § 6901 *et. seq.*) ("RCRA"), the Federal Water Pollution Control Act (33 U.S.C. § 1251 *et. seq.*), the Clean Air Act (42 U.S.C. § 7401 *et. seq.*), the Toxic Substances Control Act (15 U.S.C. § 2601 *et. seq.*), the Safe Drinking Water Act (42 U.S.C. § 300, *et. seq.*), the Environmental Protection Agency's regulations relating to underground storage tanks (40 C.F.R. Parts 280 and 281), and the Occupational Safety and Health Act (29 U.S.C. § 651 *et. seq.*) ("OSHA"), as such laws have been or are in the future amended or supplemented and any analogous future federal, or present or future applicable state or local statutes, and the rules and regulations promulgated thereunder.

26.     **Due on Sale or Transfer – Consent by Beneficiary**. Beneficiary may, at Beneficiary's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Beneficiary's prior consent, of all or part of the Property, or any interest in the Property. A "sale or transfer" means the conveyance of the Property or any right, title or interest in the Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years. Lease option contract, or by sale, assignment, or transfer of a beneficial interest in or to any

land trust holding title to the Property, or by any other method of conveyance of an interest in the Property. However, this option shall not be exercised by Beneficiary if such exercise is prohibited under federal or North Carolina.

27.  **Captions.** All captions used herein are for organizational purposes only and in no way limit, expand or otherwise affect the meaning or effect of the provisions hereof.

IN WITNESS WHEREOF, Grantor has executed this Deed of Trust and Security Agreement as of the day and year first above written.

GRANTOR:

_____ (SEAL)
C. Ray Kennedy

_____ (SEAL)
Cynthia M. Kennedy

STATE OF _NC_

COUNTY OF _Mecklenburg_

I certify that the following person personally appeared before me this day, acknowledging to me that he voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated:
C. Ray Kennedy and wife, Cynthia M. Kennedy

Date: _6-22-18_

SEAL

Notary Public
My Commission Expires: _4-22-21_

[Notary Seal: JOHN F. RENGER, NOTARY, Comm. Exp. 4-22-2021, MECKLENBURG COUNTY, NC]

B32785 - P402

# EXHIBIT A – LEGAL DESCRIPTION

### *Parcel I*

BEING all; of Lot 1 of Northcross Corporate Center, Map 1, Phase I, as same is shown on a map thereof recorded in Map Book 25 at Page 422 in the Mecklenburg County Public registry, and being the same property conveyed to C. Ray Kennedy and wife, Cynthia M. Kennedy by deed recorded in Book 7367 at Page 514 in the aforesaid registry, LESS AND EXCEPT the property described therein, and SUBJECT TO the easements described therein.

Tax Parcel 009-301-05

Located at 16701 Northcross Drive, Huntersville, NC

### *Parcel II*

BEING all of Lot 2 of Block 33 of Highland Creek (Village Center Phase 1, Map 2, Tract "D") recorded in Map Book 32 at Page 409 in the Mecklenburg County Public Registry.

Tax Parcel 029-736-04

Located at 6025 Clarke Creek Parkway, Charlotte, NC

### *Parcel III*

BEING known as all of Lot 6 or Satterwythe Place as shown on a map thereof recorded in Map Book 21 at Page 611 in the Mecklenburg County Public Registry.

Tax Parcel 105-181-57

Located at 4324 Satterwythe Lane, Charlotte, NC