## CERTIFICATION OF SERVICE

I, _Stacy C. Cordes_ (name), certify that service of this summons and a copy of the complaint was made on _9/21/2020_ (date) by:

☒ Mail service: Regular, first class United States mail, postage fully pre–paid, addressed to:

Calvin Ray Kennedy, 4324 Satterwythe Ln, Charlotte NC 28215
(also via certified mail, return receipt requested: 7019 2970 0001 0999 2265)

☐ Personal service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence service: By leaving the process with the following adult at:

☐ Publication: The defendant was served as follows: (Describe briefly)

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: (Describe briefly)

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _9/25/20_   Signature _Stacy C. Cordes_
Print Name: _Stacy C. Cordes_
Business Address: _122 Cherokee Road, Suite 1_
_Charlotte NC 28207_

B2500A (12/15)



# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In the matter of:<br>Calvin Ray Kennedy Cynthia M. Kennedy<br>　　　　Debtor(s)<br><br>Essendant Co.<br>　　　　Plaintiff(s)<br>　v.<br>Calvin Ray Kennedy Cynthia M. Kennedy (aka C. Ray Kennedy )<br>　　　　Defendant(s) | Case No. 20-30208<br><br>Chapter 11<br><br><br><br>Adv. Proc. No. 20-03055 |

## SUMMONS IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

　　Steven T. Salata, Clerk
　　U.S. BANKRUPTCY COURT
　　401 West Trade Street
　　Charlotte, NC 28202

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney:

　　Stacy C. Cordes
　　Burt & Cordes, PLLC
　　122 Cherokee Road
　　Suite 1
　　Charlotte, NC 28207

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date of Issuance: 9/15/2020　　　　　　　　　　　s/　Steven T. Salata
　　　　　　　　　　　　　　　　　　　　　　　　　*Clerk of the Bankruptcy Court*

Electronically filed and signed

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br>CALVIN RAY KENNEDY a/k/a,<br>C. RAY KENNEDY and<br>CYNTHIA M. KENNEDY,<br><br>Debtors. | CASE NO. 20-30208<br>Chapter 13 |
| ESSENDANT CO.,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN RAY KENNEDY a/k/a,<br>C. RAY KENNEDY and<br>CYNTHIA M. KENNEDY<br><br>Defendants. | ADVERSARY PROCEEDING<br>NO. _____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) AND 523 (a)(2)(B)**

Plaintiff, Essendant Co., (herein "Essendant" or "Plaintiff") complaining of the Defendants, Calvin Ray Kennedy and Cynthia Kennedy, says and avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Essendant is a corporation organized and existing under the laws of the state of Illinois, with distribution and call centers across the United States.

2.    Defendants Calvin Ray Kennedy and Cynthia Kennedy ("Defendants") are the Debtors in the above-referenced bankruptcy case. Defendants reside in Charlotte, North Carolina.

1

3. The above captioned bankruptcy case was initiated by Defendants in the United States Bankruptcy Court for the Western District of North Carolina by filing a Voluntary Petition on or about February 19, 2020.

4. This case remains pending in the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division.

5. This adversary proceeding is a proceeding arising under Title 11 of the United States Code.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action is brought pursuant to 11 U.S.C. 523 and Fed. R. Bankr. P. 7001.

7. This adversary proceeding is a core proceeding with the meaning of 28 U.S.C. §§ 157.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS

9. Plaintiff, Essendant Co., is a national wholesale distributor of office products, office furniture, janitorial and break room supplies, technology products, industrial supplies and automotive aftermarket tools and equipment, among other products.

10. Defendants opened American Product Distributors ("APD") in 1992. APD was a reseller and distributor of office supplies with its principal place of business in Charlotte, North Carolina. APD sold office supplies to companies across the United States. Upon information and belief, and pursuant to Mr. Kennedy's 2004 Examination, at its peak, APD generated annual revenues in excess of $20 million of income. (Rule 2004 Examination of Calvin Kennedy, Pg. 22, See Attached Transcript, Exh. A).

11. Defendant, Calvin Ray Kennedy, was the sole shareholder and CEO of APD. Defendant, Cynthia Kennedy, is the spouse of Defendant Calvin Ray Kennedy.

12. On or about March 16, 2016, Defendants executed a written contract with Plaintiff entitled Guaranty (Personal) (herein "Guaranty"), in which the Defendants unconditionally and irrevocably guaranteed the payment of all amounts due and owing APD to Essendant Co. (See Attached Guaranty (Personal) as Exh. B).

13. On or about March 10, 2016, Defendants both signed a verified Personal Financial Statement (herein "March 2016 PFS") stating a personal net worth of $27,268,000.00 and showing a market value of $7,000,000.00 for APD, which was given to Essendant Co. along with the Guaranty. (See Attached 2016 Personal Financial Statement as Exh. C).

14. After signing the contract with Essendant Co., on or about March 16, 2016, Defendants, through APD, submitted electronic purchase orders for office products and merchandise through Plaintiff's electronic ordering system.

15. Upon information and belief, Essendant Co., relied on the March 2016 PFS when deciding to execute the written contract with APD and continuing to transact business with APD.

16. As of December 18, 2017, one year and nine months later, APD owed Essendant Co. more than $1.8 million for prior purchase orders.

17. No payments were made to Essendant Co. by APD since the date of December 21, 2017.

18. On or about May 14, 2018, Essendant Co. filed a Verified Complaint against APD, Calvin Ray Kennedy, and Cynthia Kennedy in the U.S. Court for the Northern District of Illinois. (See Attached Verified Complaint without exhibits as Exh. D).

19. On or about October 9, 2018, only Defendant Calvin Ray Kennedy signed a verified Personal Financial Statement (herein "October 2018 PFS") stating a personal net worth of $4,075,100.00, a decrease of approximately $23 million within two (2) years. (See Attached 2018 Personal Financial Statement as Exh. E).

20. Per the 2004 Examination on July 15, 2020, Calvin Ray Kennedy, who has a Masters in Business Administration, could not explain the rapid decrease of his net worth. (Rule 2004 Examination of Calvin Kennedy, Pgs. 121 - 124).

21. Presently, Defendant, Calvin Kennedy, owns several other businesses that are still operating, including Ramsey-Peele Corporation d/b/a University Child Development Center. Ramsey-Peele Corporation began operating in 1988 and runs three daycare centers in Charlotte.

22. Even though Defendant Calvin Kennedy could not explain the substantial decrease in his net worth, he continues to manage the finances for Ramsey Peele's three daycare centers including, but not limited to, writing checks for the centers' mortgage payments, paying monthly expenses and generally running the operations of Ramsey Peele. (Rule 2004 Examination of Calvin Kennedy, Pgs. 80 - 90).

23. APD closed its business in 2018 ((Rule 2004 Examination of Calvin Kennedy, Pg. 20), with an outstanding balance due to Essendant Co. of more than $2 million. The formal Articles of Dissolution for APD were not filed until September 9, 2019, but were signed on July 1, 2019. (See Attached Articles of Dissolution as Exh. F).

24. On or about June 22, 2018, Prior to APD closing, Defendants executed a Deed of Trust for the principal amount of $460,000.00 in favor of their daughter, Kimberly Griffith, encumbering all their real property interests. (See attached Deed of Trust as Exh G).

25. On or about June 22, 2018, Defendants executed a second Deed of Trust for the principal amount of $463,770.31 in favor of Mrs. Kennedy's mother, Legolia P. McGlohon, encumbering their real property interests. (See attached Deed of Trust as Ex. H).

26. Defendants did not recall who the attorney was the drafted the Deeds of Trustee in 2018 or why.

27. On or about September 27, 2019, a judgment against Defendants in the amount of $2,110,127.75 was entered in the U.S. District Court for the Northern District of Illinois.

28. A Notice of filing of Foreign Judgment was filed in Mecklenburg County North Carolina on November 22, 2019. (See attached copy of the Transcribed Judgment as Exh. I).

29. On or about February 19, 2020, Defendants filed a Voluntary Petition Under Chapter 13 (Bankruptcy Case No. 20-30208 Dkt. 1). Defendants' bankruptcy petition was signed under the penalty of perjury.

30. On or about March 16, 2020, Defendants filed their bankruptcy schedules and statement of financial affairs ("SOFA", Bankruptcy Case No. 20-30208, Dkt. 27). The SOFA was signed by Defendants under the penalty of perjury.

## FIRST CLAIM FOR RELIEF
## (11 U.S.C. § 523(a)(2)(A))

31. The allegations contained in the paragraphs above are hereby realleged and incorporated by reference into this First Claim for Relief as if completely set forth herein.

32. Defendants represented and warranted to Plaintiff, pursuant to paragraphs thirteen (13) and fifteen (15) hereinabove, that Defendants were solvent as Defendants personally guaranteed the executed contract between APD and Essendant Co.

33. This representation was false and misleading at the time they were made, and they were made by Defendants with the intent to deceive Plaintiff. This is evident from the fact that Defendant owed Plaintiff a balance of approximately $1.8 million in December 2017, after the initial written contract was signed in March 2016. Additionally, Defendants never made another payment to Plaintiff after December 21, 2017.

34. Plaintiff is informed, believes, and thereon alleges that at the time the foregoing misrepresentations were made by Defendants that they were made with the knowledge of their falsity or that Defendants should have known they were not true.

35. The foregoing misrepresentations constitute false pretenses, false representation, and/or actual fraud by Defendants.

36. Plaintiff reasonably relied on Defendants' foregoing misrepresentations when it agreed to enter into the written contract with Defendants, to its detriment. Plaintiff suffered an actual loss based upon its justified and reasonable reliance on Defendants' misrepresentations.

37. The foregoing misrepresentations constitute false pretenses, false representations, and/or actual fraud by Defendants.

38. Plaintiff reasonably relied on Defendants' foregoing misrepresentations when it agreed to enter into the written contract with Defendants, to its detriment. Plaintiff suffered an actual loss based upon its justified and reasonable reliance on Defendants' misrepresentations.

39. Defendants, prior to inducing Plaintiff to enter into the agreement, acknowledged and agreed any false statement or misrepresentation by them may constitute fraud and would subject them to legal action by Plaintiff.

40. Defendants, prior to inducing Plaintiff to enter into the written contract, acknowledged and agreed that Defendants misrepresentations in connection with, or failure to uphold the warranties and covenants of, the written contract would result in Plaintiff seeking to recover its damages from Defendants directly.

41. Upon information and belief, Defendants intended that Plaintiff rely on the foregoing misrepresentations in order to induce Plaintiff to enter into the written contract with Defendants.

42. But for Defendants' misrepresentations, Plaintiff would not have entered into the written contract with Defendant.

43. As the natural, direct and proximate consequence of Defendants' false pretenses, false representations, and/or actual fraud toward Plaintiff, Plaintiff has been damaged in an amount in excess of $2,110,127.75.

44. Plaintiff is thus entitled to recover not less than $2,110,127.75 from Defendants, plus interest thereon at the maximum allowable rate.

45. Accordingly, Plaintiff is entitled to judgment from this Court, in an amount subject to proof, including a determination that Defendants' obligations to Plaintiff are not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(2)(B))

46. The allegations contained in the paragraphs above are hereby realleged and incorporated by reference into this Second Claim for Relief as if completely set forth herein.

47. As set forth above, in order to induce Plaintiff to enter into the Agreement with Defendants, Defendants provided Plaintiff with a verified Personal Financial Statement on or about March 10, 2016.

48. The verified March 2016 PFS represented to Plaintiff that Defendants had a total net worth of $27,268,000.00. Additionally, the March 2016 PFS shows APD having a market value of $7,000,000.00.

49. Defendants, prior to inducing the Plaintiff to enter the written contract, acknowledged, verified, and guaranteed that March 2016 PFS provided to Plaintiff with regard to Defendants fairly represented the financial condition of Defendants.

50. The March 2016 PFS provided by Defendants regarding Defendants' financial condition was materially false and purposely misrepresented Defendants' financial condition at the time Defendants executed the written contract, as evidenced by Defendants' statements and representations made under penalty of perjury in their bankruptcy case.

51. Defendants purposely misrepresented the Defendants' financial condition, in writing, at the time they executed the written contract. Plaintiff reasonably relied upon those misrepresentations in entering into the written contract. Further, Defendants prepared the materially misleading written statements with the intention of deceiving Plaintiff as to Defendants' financial condition.

52. Plaintiff suffered damage as a result of the above described written contract because Plaintiff reasonably relied on the veracity of the March 2016 Personal Financial Statement provided by Defendants with regard to Defendants' financial condition, which was provided with the intent to deceive Plaintiff, and upon which Plaintiff did in fact reasonably rely.

53. As the natural, direct and proximate consequence of Defendants' use of materially false statement in writing regarding Defendants' financial condition upon which Plaintiff reasonably relied and which Defendant made with the intent to deceive Plaintiff, Plaintiff has been damages in an amount in excess of $2,110,127.75.

54. Plaintiff is thus entitled to recover not less than $2,110,127.75 from Defendants, plus interest thereon at the maximum allowable rate.

55. Accordingly, Plaintiff is entitled to judgment from this Court, in an amount subject to proof, including a determination that Defendants' obligations to Plaintiff are not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

WHEREFORE, Plaintiff prays unto the Court as follows:

1.  That the Court determine that Defendant's debt to Plaintiff is non-dischargeable in accordance with 11 U.S.C. §§ 523 (a)(2)(A) and 523 (a)(2)(B) upon one or of the grounds set forth herein and in an amount that shall be proven prior to judgment or at the time of trial on this matter, not less than $2,110,127.75, together with interest accruing at the maximum allowable rate, attorney's fees and costs incurred in connection with this action; and

2.  That Plaintiff have any such other and further relief as the Court deems just and proper.

This the 10th day of September, 2020.

                                    **BURT & CORDES, PLLC**

                              By: /s/ Stacy C. Cordes
                                  Stacy C. Cordes
                                  N.C. Bar Number 18122
                                  122 Cherokee Road, Suite 1
                                  Charlotte, North Carolina 28207
                                  Telephone: 704-332-3282
                                  Facsimile: 704-332-3324
                                  scordes@burtcordeslaw.com
                                  Counsel for Plaintiff